[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13143

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GERSON DAVID PANEZO TENORIO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20820-DMM-2

————————————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Gerson Panezo Tenorio appeals his 24-month sentence, which the district court imposed upon revoking his supervised release after he violated his conditions of supervision by committing a new violation of the law involving 3,850 kilograms of cocaine. On appeal, he argues that the district court abused its discretion and imposed a substantively unreasonable sentence because it failed to account for his family's difficult economic circumstances and the fact that his sentence was required to run consecutively to a 103-month sentence he was already serving.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).

Upon finding a Grade A violation, the district court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). If the offense that resulted in the term of supervised release is a Class A felony, the maximum term of imprisonment is five years. 18 U.S.C. § 3583(e)(3). An offense is a Class A felony if the maximum term of imprisonment authorized is life imprisonment. 18 U.S.C. § 3559(a)(1).

Generally, a district court must consider certain factors outlined in 18 U.S.C. § 3553(a) when imposing a sentence after

revoking supervised release. *Vandergrift*, 754 F.3d at 1308. Specifically, the district court must consider "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which include the nature and circumstances of the crime; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence and protect the public; the applicable guideline range; and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. §§ 3553(a), 3583(e).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Although a district court may not consider the seriousness of a defendant's underlying offense in the revocation context, it may take into account the seriousness of their violation of the conditions of their supervised release. *See Esteras v. United States*, 145 S. Ct. 2031, 2040 & n.5 (2025); U.S.S.G. § 7A, intro. 3(b). A sentence may be substantively unreasonable when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) considers the proper factors but commits a clear error of judgment in doing so. *Oudomsine*, 57 F.4th at 1266.

Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Another sign of reasonableness is that the sentence is

well below the statutory maximum. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, the district court did not abuse its discretion by sentencing Panezo Tenorio to 24 months' imprisonment upon revoking his supervised release. *Vandergrift*, 754 F.3d at 1307; *Oudomsine*, 57 F.4th at 1266. First, Panezo Tenorio's underlying offense was a violation of § 70506(b), which is a Class A felony. *See* 18 U.S.C. §3559(a)(1); 46 U.S.C. § 70506(a), (b); 21 U.S.C. § 960(b)(1)(B)(ii). Thus, his 24-month sentence is well below the applicable 5-year statutory maximum and is at the bottom of his 24-to-30-month guideline range, both of which indicate reasonableness. *Hunt*, 526 F.3d at 746; *Riley*, 995 F.3d at 1278; 18 U.S.C. § 3583(e)(3). Second, contrary to Panezo Tenorio's argument on appeal, the district court accounted for the length of his Texas sentence and the hardships experienced by him and his family, but ultimately concluded that the large quantity of drugs involved in his violation, and the impact of those drugs on the public, justified a sentence of 24 months. 18 U.S.C. § 3553(a). The district court was permitted to consider the seriousness of Panezo Tenorio's new violation, and it had discretion to weigh this factor more heavily than others in crafting his sentence. *Amedeo*, 487 F.3d at 832; *Esteras*, 145 S. Ct. at 2040 n.5; U.S.S.G. § 7A, intro. 3(b). Thus, because the district court considered the relevant factors, did not rely on an improper factor, and did not make a clear error of judgment in weighing the relevant factors, Panezo Tenorio's 24-month sentence is substantively reasonable and the district court did not abuse its discretion by imposing it. *Oudomsine*, 57 F.4th at 1266. Accordingly, we affirm.

24-13143              Opinion of the Court                     5

**AFFIRMED.**